IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND C. WILLIAMS,

                                        ORDER

                Petitioner,

v.

                                   10-cv-655-wmc

WARDEN, Dodge Correctional Institution,[1]

                Respondent.

---

On October 29, 2010, petitioner Raymond C. Williams filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and paid the $5.00 filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Williams is challenging his February 12, 2010 convictions for kidnaping and hiding a corpse. He contends that his constitutional rights were violated in the state court proceedings. At this point, it is difficult to determine the merits of Williams' claims, but Williams will have to provide additional information before this court can even decide if the issues have been preserved and are ripe for federal court review.

FACTS[2]

After a jury trial in Rock County Circuit Court, Williams was convicted of kidnaping and hiding a corpse on April 14, 2010. (Case No. 2009-CF-0915). A notice of appeal was filed on

---

[1] By its own motion the Court names the Warden of Dodge Correctional Institution, Williams' custodian, as the proper respondent.

[2] The following facts are drawn from the petition and a review of the state circuit and appellate court's electronic docket sheets, available at http://wscca.wicourts.gov.

1

April 14, 2010. (Case No. 2010-AP-1004). From the court record, the Wisconsin Court of Appeals appears to have dismissed this appeal without prejudice on May 7, 2010, because it was filed by petitioner's wife rather than by petitioner. That same day, the Court of Appeals also denied petitioner's writ of habeas corpus for the same reason. (Case No. 2010-AP-1012. On July 30, 2010, however, the Court of Appeals entered an order extending the time to file transcripts on appeal. (Case no. 2010-XX-0816). It is unclear from the court's record whether there is an appeal pending.

## OPINION

A federal court may not review the merits of a claim raised by a state prisoner in a habeas petition unless the petitioner has (1) exhausted all remedies available in the state courts, and (2) fairly presented any federal claims in state court first. *Lemons v. O'Sullivan*, 54 F.3d 357 (7th Cir. 1995). In *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the United States Supreme Court held that in order to comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." This means that state prisoners must seek discretionary review of their claims in the state's highest court provided "that review is part of the ordinary appellate review procedure in the State." *Id*. at 847. Thus, in Wisconsin, a prisoner seeking federal habeas review must first complete the state appellate review process by presenting his claims on direct appeal to the state court of appeals and then to the state supreme court in a petition for review. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Failure to seek such review constitutes a procedural default.

A federal court cannot reach the merits of a procedurally defaulted claim unless the

petitioner demonstrates (1) cause for the default and actual prejudice, or (2) that enforcing the default would lead to a "fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)). To meet the "cause" requirement, there must have been some external impediment that prevented petitioner from raising the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

In this case, it is not clear from Williams' petition whether he still has an appeal pending in the Wisconsin Court of Appeals or whether he raised the grounds as here in this petition in the appellate court. If Williams has an appeal pending in the Wisconsin Court of Appeals, this petition is premature and will be dismissed without prejudice. If all direct appeals are over, then Williams should provide more detail about them (*e.g.*, was he represented by counsel, what arguments were made, what was the trial outcome).

The Court will also require Williams to provide more information as to the grounds he raises in this petition on the enclosed copy of this Court's 28 U.S.C. § 2254 form. Williams should provide the same information with respect to any pending or dismissed collateral attacks on his conviction. He should carefully fill out the sections of this form asking for information about exhaustion of state court remedies on each of his asserted claims.

Additionally, Williams should present his habeas claims more briefly and clearly than presented in his supplement to his petition. A "headline" approach to each claim for relief is all that is needed, followed by no more than one or two paragraphs of explanation laying out only the factual foundation for the claim. Each claim of a violation of the laws or Constitution of the United States should be set forth separately. Greater brevity and clarity would be extremely helpful to the court, and thus of greater benefit to petitioner in having his claims considered.

Similarly, Williams needs to prioritize, if not greatly reduce, the 106 "proof of claims" he states for appeal, starting with those Williams believes constituted the most egregious constitutional violations <u>and</u> prejudiced his ability to get a fair trial or otherwise require his conviction be overturned.  Most of petitioner's claims would not meet this standard.

Williams should submit his completed form to the court not later than February 15, 2011.  Once received, the court will consider the petition in this case and proceed to determine whether petitioner may proceed under § 2254.

ORDER

IT IS ORDERED that petitioner Williams will be given leave to re-submit his petition using the enclosed form for a 28 U.S.C. § 2254 petition as described above not later than February 15, 2011.  If he fails to do so, his petition will be summarily dismissed without prejudice for failure to prosecute.

Entered this 12th day of January, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge